### THE COUNTY OF HENRY v. BRADSHAW *et al.*

20  355
99  431

20  355
136  432

1. **Vendor and vendee: LIEN.** W. deeded lands to B. in December, 1855; the deed was recorded in February, 1856; on the 5th of August in the same year, the vendor filed his petition for a vendor's lien for the purchase-money. Notice was served August 7th; a decree entered August, 12th, 1857; on February 4th, 1860, the premises were sold, under special execution, to one H., to whose assignee the sheriff executed a deed, February 5th, 1861. On the 2d June, 1856, B. applied to the school fund commissioner of the county for a loan, to be secured by a mortgage of the same premises; the mortgage was drawn, and bears said date, but was not acknowledged until July 31st (B.

received, however, the money to be secured before that time): it was recorded August 7, at 6 o'clock P. M. The plaintiff in the suit was not a party to a petition for a vendor's lien; *Held*, that the purchaser at the sheriff's sale was not entitled to priority over the mortgage.

2. Presumptions: DELIVERY OF DEED. In the absence of any showing as to the precise time at which a deed was delivered, it is to be presumed that it was done at the date of the acknowledgment.

*Appeal from Henry District Court.*

FRIDAY, JUNE 8.

PLAINTIFF asks the foreclosure of mortgage given by Bradshaw and wife to secure a loan of school money by the school fund commissioner. Walker, the appellant, claims a paramount title to the mortgaged premises under certain proceedings to enforce a vendor's lien. And his title may be stated first.

White deeded the land to Bradshaw in December, 1855; the deed was recorded in February, 1856, and on the 5th of August of that year, White filed his petition asking a vendor's lien for the unpaid purchase-money; the notice being placed in the officer's hands for service on the 7th and served on the same day. A decree was entered in that case as prayed, August 12, 1857. On the 4th of February, 1860, the premises were sold under special execution to one Hill; and on the 5th of February, 1861, the sheriff made a deed to Walker, the holder of the certificate. To this proceeding the county was not a party.

According to the testimony of the school fund commissioner, which is uncontradicted, Bradshaw, before the 2d of June, 1856, applied for a loan of $400. A mortgage was drawn covering the land in controversy, and taken by him to his home in the country for acknowledgment by himself and wife. On that day he returned, explaining that because of the absence of the magistrate he had not executed the mortgage. The commissioner let him

have the money, took his note of that date, with proper sureties, and Bradshaw retained the mortgage, and was speedily to acknowledge and return the same. The mortgage bears date June 2, but was not acknowledged until July 31, nor filed for record until August 7, at 6 P. M. At what time it was actually delivered, the testimony does not conclusively show.

Upon these facts the court below found the mortgage lien to be paramount to Walker's title, and from this order he appeals.

*A. H. Bereman* for the appellant.

I. Both liens are equal in equity. As between Walker and Bradshaw, the lien dates from the sale by White; as between the plaintiff and Bradshaw, it dates from the delivery of the mortgage; as between plaintiff and Walker, priority depends upon the question whether White's foreclosure suit was commenced before the delivery of the mortgage to the plaintiff. 1 Story Eq., § 405; Rev., 1860, § 2842; *Hagan* v. *Burch*, 8 Iowa, 309; *Fevrier* v. *Busick*, 6 Id., 258. There is no evidence that the mortgage ever was delivered. Delivery is a question of fact and must be established by the evidence. *Lindsey* v. *Lindsey*, 11 Verm., 621; *Hannah* v. *Swasmer*, 8 Watts, 9; 2 Hill. Real Estate, § 102; *Foley* v. *Howard*, 8 Iowa, 56; *Day* v. *Griffith*, 15 Id., 104; *Dawson* v. *Dawson*, Rice, 243. The date is no part of the substance of the deed. *Jackson* v. *Schoonmaker*, 2 Johns., 230; *Jackson* v. *Baird*, 4 Id., 233; *Meldrum* v. *Clark*, Mor., 130.

II. *Defective* deeds are sometimes treated in equity as a valid contract to convey. "But if the instrument was not sufficiently *delivered* to be valid as a *deed*, it could not be treated as sufficiently delivered to operate as a contem-

plated contract." *Overman & Brown* v. *Kerr*, 17 Iowa, 485; *Parker* v. *Parker*, 1 Gray, 409; *Day* v. *Griffith*, 15 Iowa, 104; *Cole* v. *Dealham*, 13 Id., 551.

*T. W. Woolson*, for the appellee.

1. Plaintiff is a *bona fide* purchaser without notice, and as such will be protected, 2 Eq. Lead. Cas., § 71, and the cases there cited.

2. The bargain and sale, or what is tantamount to it, the making of the loan and taking the mortgage which the law required to be done, was done June 2, 1856, a month before White took any steps to enforce his vendor's lien, except that the mortgage was taken by Bradshaw to get his wife to sign and acknowledge. The law required this mortgage to be given when the loan was made. It was afterwards delivered; equity will consider that done at the time when it ought to have been done. *Jackson* v. *Bull*, 1 Johns. C., 85; quoting from *Leekman* v. *Earl of Carlisle*, 3 P. Wms., 215; and when it was done, it relates back to the time it ought to have been done. *Jackson* v. *Bull*, *supra*, note, p. 86, containing *Jackson* v. *Raymond*, opinion of BENSON, Justice, and also note "*a*" p. 90; *Bell* v. *Hall*, 4 G. Greene, 70; *Doe* v. *Howland*, 8 Cow., 277; *Hurth* v. *Ross*, 12 Johns., 140; *Johnson* v. *Stagg*, 2 Johns., 510; *Jackson* v. *Dickenson*, 15 Johns., 309; *Jackson* v. *Ramsey*, 3 Cow., 75; *Klock* v. *Kronkite*, 1 Hill, 107; *Toley* v. *Howard*, 8 Iowa, 59; *Day* v. *Griffith*, 15 Id., 104; *Merrill* v. *Swift*, 18 Conn., 257; *Herrington* v. *Herrington*, 27 Miss. (6 Jones), 560; *Allen* v. *Mandeville*, 26 Miss. (4 Cush.), 397; 2 Sugd. Vend., 281.

3. Equity will protect a *bona fide* purchaser when he has paid the purchase-money before notice, to the extent of the money paid. *Youst* v. *Martin*, 3 Serg. & R., 430; *Boggs* v. *Warner*, C. W. & S., 469.

4. The lender or prospective mortgagee is entitled to a vendor's lien for the amount he has invested before notice of any other equity. 1 Hil. Mort., 659, *et seq.*; 2 Lead. Cas. Eq., 116–118.

5. Vendors' liens are not favored by the courts. 1 Hil. Mort., 614; 1 Eq. Lead. Cas., 372.

6. *Lis pendens* commences not from the filing of the petition, but from the service of notice. *Jones v. Lusk*, 2 Metc. (Ky.), 356; *Pearson & Anderson v. Keedy*, 6 B. Monr, 130; *Stone & Warren v. Connelly*, 1 Metc. (Ky.), 654.

7. *Lis pendens* is not notice to a purchaser who has already paid his money, made improvements and taken possession, although the deed may not be executed until after suit brought. *Park v. Jackson*, 11 Wend., 442; *Trimble v. Bootly*, 14 Ohio, 109; *Giblu v. Trimble*, Id., 323.

8. The purchaser of a title, arising under an unrecorded grant, is bound to take notice of a conveyance prior to the grant, although not placed on record until afterwards. 2 Lead. Cases in Equity, 181, 182; *Jackson v. Post*, 9 Cow., 120; 15 Wend., 588; *Van Rensalaer v. Clark*, 17 Id., 25; *Shutt v. Largo*, 6 Barb., 375.

9. The certificate of acknowledgment of a mortgage is presumptive evidence of its delivery at the date of such acknowledgment. *Wykoff v. Remsen*, 11 Paige, 564.

WRIGHT, J. — The equities of these parties and the law of the case, was correctly apprehended by the court below.

1. VENDOR AND VENDEE: lien. Defendant is not in the position of an innocent purchaser, without notice. He is not in the attitude of one *paying his money after* the making of a conveyance to a third person by his vendor, and *before* notice actual or constructive of such conveyance. Whether A. should convey to B. and afterwards to C. (who parts with his money and takes his deed without notice of B.'s title), the recording of B.'s deed before that

to C. would operate to defeat C.'s title, is a question of no little difficulty under our statute. But concede that C. would have priority of right in the case supposed, the defendant occupies no such favorable ground in this case, for he parted with no money and took no title until long after he had full notice of plaintiff's mortgage.

But it is said that his title relates back to the commencement of the proceedings to enforce the vendor's lien; that this was August 5, 1846, prior to the time of filing the mortgage for record; or if not the 5th, then the 7th, the date of handing the notice to the sheriff for service; and that this was before the mortgage was filed for record or third persons had notice of its existence. Now, as already intimated, if defendant had, *prior* to the time of having received this constructive notice, surrendered any right, parted with his money, or exchanged his relation to the property or the parties, he might be in a position to be prejudiced, and might equitably claim priority over the mortgage lien. But when he bought and invested his money he knew the county had a mortgage dated and acknowledged *before* White commenced his suit, and though recorded *after*, it was a valid security before. In other words, he knew that, as between the parties, the filing for record was not essential to the validity of the instrument; that this filing was only necessary as to third persons having no actual notice. This notice he had, as did all other persons, long before the decree in White's case, and long before his purchase. It is not, in principle, unlike the case of an attachment *after* the making of the deed by the debtor; the deed being filed for record, however, *before* a purchase under the judgment rendered in such attachment proceedings. And that the deed, in such a case, would have priority under our recording laws, is well settled in this State. *Norton, Jewett & Busby* v. *Williams*, 9 Iowa, 529; *Bell* v. *Evans*, 10 Id., 353; *Seevers* v.

*Delashmutt*, 11 Id., 174. And see *Welton* v. *Tizzard*, 15 Id., 495, and cases there cited; also *Porter* v. *Green*, 4 Id., 571; *Loomis* v. *Hudson*, 18 Id., 416.

But it is insisted that there is no evidence that the mortgage was *delivered*, and hence no equity in favor of plaintiff had intervened, before White commenced his proceeding. The weight of the testimony, we think, tends to show that it was actually delivered before the 5th of August. There is certainly nothing to warrant the presumption that it was not delivered before the 7th. A delivery was of course essential to the completion of the contract of lien. That is to say, until delivered, the instrument itself, as between the parties, would not be effectual as a lien. And if not between the parties, it certainly would not be as to third persons. We speak now of the effect of the instrument itself, and not of a case where a party should seek to have specifically enforced a contract for a mortgage against the party or a third person having notice thereof.

*2. PRE-SUMPTION: delivery of deed.*

In this connection we must not lose sight of the fact that though White sold the land to Bradshaw long before the mortgage was made, there was no notice of any lien in his favor before the 5th of August, if before the 7th, and whether the one or other, is not in our opinion material; for assuming it to be the 5th, the mortgage should still have priority. It may well admit of doubt whether plaintiff would not be entitled to this priority by advancing the money, as was done, indisputably, long before notice of this lien. If not, then assuming that the evidence fails to show when the mortgage was actually delivered, what is the presumption as to the time of delivery? We answer, the time of its execution. It is not a question as against a third person, whether the *date* of a deed is to be accepted as presumptive evidence of the time of its execution; nor is there any question as to whether there was in *fact* a

delivery; and the cases of *Day* v. *Griffith*, 15 Iowa, 104, *Foley* v. *Howard*, 8 Id., 56; *Meldrum* v. *Clark*, Morris, 130, cited by counsel, are applicable to such inquiries rather than the one now before us. For in the first case, the point was, whether the delivery to the recorder by the grantor was a delivery to the grantee so as to cut off intervening rights of an attachment creditor. The second, without referring to its facts, is even more unlike this, while the third discusses the presumption of execution from the date of an instrument. In this case, there was a delivery. The mortgage was accepted by the mortgagee, placed upon record and the plaintiff now claims the full benefit of all its provisions. True, the mortgage was in the mortgagor's possession after its date (June 2), but there is no evidence that it so remained after the acknowledgment. The acknowledgment was certified by an officer acting under oath, and the date thereof must be taken as the true time. All opportunities for fraud by the parties in ante-dating the certificate, to the prejudice of Walker, are thus completely removed. Accepting, therefore, the date of the acknowledgment as that of the execution of the instrument, the presumption is that it was then delivered. Until the contrary is proved, this presumption must continue, and the burden of proof is on the party (appellant) alleging a delivery on another or subsequent day. Upon this subject see *St. John* v. *American Insurance Company*, 2 Duer, 419; *Seymour* v. *Van Slyck*, 8 Wend., 403; *McConnell* v. *Brown*, Lit. Select Cas., 459; *Elsey* v. *Metcalf*, 1 Denio, 323; *Cutts* v. *York Manufacturing Company*, 6 Shep., 190; 2 Greenl. Ev., § 297; *Wykoff* v. *Remsen*, 11 Paige, 564; *Savery* v. *Browning*, 18 Iowa, 246.

Affirmed.