THE MASSACHUSETTS BENEFIT LIFE ASSOCIATION

*v.*

MARTHA W. SIBLEY.

*Filed at Ottawa October 11, 1895.*

1. EVIDENCE—*proof of delivery of policy and payment of premium.* A life insurance policy in the possession of the insured, which contains a recital of the payment of the first premium, is *prima facie* evidence of such payment and of the actual delivery of the policy.

2. INSURANCE—*policy on life of company's own solicitor—sufficiency of delivery.* An insurance policy on the life of one of the company's solicitors, which was placed, with other policies for which he wrote the applications, on the desk of the manager, with the expectation that the solicitor would take them away without doing anything as a condition precedent to receiving his policy, must be regarded as a delivery to him when he took it away with the other policies.

*Massachusetts Benefit Life Ass.* v. *Sibley,* 57 Ill. App. 246, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. EDMUND W. BURKE, Judge, presiding.

CLARK VARNUM, and W. C. ANDERSON, for appellant:

In order to constitute a delivery of an instrument in writing, the instrument must be understood to be by the parties completed and ready for delivery. *Stiles* v. *Probst,* 69 Ill. 332.

Anything which clearly manifests the intention of the grantor and the person to whom it is delivered that the instrument shall presently become operative and effectual, and that the grantor loses all control over it, and that by it the grantee becomes possessed of it, constitutes a sufficient delivery. Less than this is not a delivery. *Bryan* v. *Wash,* 2 Gilm. 557; *Gunnell* v. *Cockerill,* 79 Ill. 79; *McElroy* v. *Hiner,* 133 id. 156; *Byars* v. *Spencer,* 101 id. 429; *Brooks* v. *People,* 15 Ill. App. 570.

Delivery is essential. The instrument has no force and effect until delivery and acceptance. *Blake* v. *Fash,*

44 Ill. 302; *Byars* v. *Spencer*, 101 id. 428; *Skinner* v. *Baker*, 79 id. 496; *Houfes* v. *Schultze*, 2 Ill. App. 196.

If an instrument has never been actually delivered, but has been surreptitiously obtained by the beneficiary, nothing short of an explicit ratification of it, or such an acquiescence with knowledge of the facts as would raise a presumption of express ratification, could give it vitality. *Hadlock* v. *Hadlock*, 22 Ill. 384.

An agent cannot write a policy on his own property so as to make it binding on the company. *Bruntley* v. *Insurance Co.* 17 N. Y. 421.

If the contract is that the policy shall not take effect until the policy is delivered, the policy will have no effect until this stipulation is complied with. *Flint* v. *Insurance Co.* 8 Ohio, 501; *Kohn* v. *Life Ass.* 28 Fed. Rep. 705; *Martley* v. *Insurance Co.* 126 Mass. 158; *Hubbell* v. *Insurance Co.* 100 N. Y. 41; *McCully* v. *Insurance Co.* 18 W. Va. 782.

While the premium has not been paid nor the policy delivered the contract is incomplete and the insurance company is not liable. *Markley* v. *Insurance Co.* 126 Mass. 158; *Schaffer* v. *Insurance Co.* 89 Pa. St. 296; *Markley* v. *Insurance Co.* 118 Mass. 178; *Wood* v. *Insurance Co.* 27 Pa. St. 268; *Insurance Co.* v. *Roessle*, 1 Gray, 336; *Brown* v. *Insurance Co.* 70 Iowa, 390; *Benefit Ass.* v. *Conway*, 10 Ill. App. 348; *Hoyt* v. *Insurance Co.* 98 Mass. 539; *Insurance Co.* v. *Ewing*, 92 U. S. 377; *Herman* v. *Insurance Co.* 17 Minn. 154; *Collins* v. *Insurance Co.* 7 Phila. 201.

A contract of insurance never becomes complete until the last act necessary to be done by either party has been done. Bacon on Benefit Societies, (2d ed.) sec. 272.

If there be a stipulation in the policy of contract that the contract is not complete until delivered to the assured while in good health, and payment of the premium by him, there must be such delivery and payment of premium, else the contract was never consummated. *Armond* v. *Life Ass.* 96 N. C. 158; *Benefit Ass.* v. *Conway*, 10 Ill. App. 348; *McClave* v. *Life Ass.* 55 N. J. L. 187; *Kohn* v. *Life Ass.*

28 Fed. Rep. 705; *Mistlehorn* v. *Life Ass.* 30 id. 589; *Weinfield* v. *Life Ass.* 53 id. 208.

DELOS P. PHELPS, and McKENZIE CLELAND, for appellee:

In *Insurance Co.* v. *Schuttler*, 38 Ill. 168, it is expressly decided that corporations may be bound by the acts and admissions of their officers and agents acting in the ordinary affairs of the corporation, so far as relates to the business usually transacted by such officers and agents.

In *Insurance Co.* v. *Wolfe*, 37 Ill. 355, it was expressly decided that an insurance company cannot contradict the receipt of the premium contained in the policy, for the purpose of avoiding it.

In *Insurance Co.* v. *Fennell*, 49 Ill. 180, the court held that where a policy of insurance acknowledges the receipt of the premium, proof that it had not been paid would not be permitted.

In *Insurance Co.* v. *Mueller*, 77 Ill. 22, the court held that where the policy recites the payment of the first quarterly premium the insurance company will not be permitted to disprove such recital.

In *Insurance Co.* v. *Anderson*, 77 Ill. 386, the court held that on the ground of public policy insurance companies were estopped, for the purpose of avoiding the contract of insurance, to prove that the premium acknowledged in the policy to have been paid, was not in fact paid.

Mr. JUSTICE WILKIN delivered the opinion of the court:

Appellee brought this action against appellant in the circuit court of Cook county upon a two thousand dollar policy of insurance on the life of her husband, Edward L. Sibley, payable to her. The declaration alleged the execution and delivery of the policy to the insured December 9, 1893, and his death on the 27th of the same month; also, that proofs of his death and claim under the policy had been made in accordance with its provisions. The

defendant filed a plea of *non assumpsit*. A trial by jury resulted in a verdict in favor of plaintiff for the amount due on the policy, $2025, on which judgment was entered, and the defendant appealed to the Appellate Court. That court having affirmed the judgment below, this appeal is prosecuted.

It was insisted by the defendant at the trial that under one of the conditions upon which the policy was issued it never became binding upon the company. That condition is as follows: "This policy shall not become operative so as to bind the association until the first payment is made thereon and the policy is actually delivered to the member herein named, during his lifetime and while in good health." It is contended the first payment was not made and the policy actually delivered to Edward L. Sibley. It was in the possession of the plaintiff at the trial and offered in evidence by her, and she testified: "I first saw this policy when my husband brought it to me. He brought it one evening and handed it to me. I cannot remember the time, but it was soon after the date." It contained this recital: "In consideration of the payment of twenty four and $\frac{80}{100}$ dollars * * * by Edward L. Sibley, * * * receipt whereof is hereby acknowledged," etc. This certainly proved, *prima facie*, that the condition as to the first payment and actual delivery of the policy had been complied with. It is well understood that when a deed is found in the hands of the grantee or payee it will be presumed to have been duly delivered, and we said in *Tunison* v. *Chamblin*, 88 Ill. 378, "only clear and convincing evidence can overcome the presumption." (See, also, *McCann* v. *Atherton*, 106 Ill. 31.) We see no reason why this rule should not apply when the question is whether a policy of insurance has been delivered. It is admitted that the recital as to payment is not only *prima facie* proof of the same, but conclusive upon the insurer if the policy was actually delivered. Conceding, therefore, that the proof offered by the defendant is to the effect

that the condition in question was not complied with, the question is one of controverted fact, and not open to review in this court unless the verdict in plaintiff's favor was the result of some erroneous ruling of the trial court. The only errors assigned in that regard are as to the admission and exclusion of testimony.

The court permitted plaintiff to prove, over the objection of counsel for the defendant, certain statements of the vice-president of the company, made before the death of Sibley, as to the policy being "all right," etc., and refused to allow him to answer a question "as to his authority in regard to the policy, and as to waivers or concessions or admissions." While we do not wish to be understood as holding that there was any substantial error in that ruling, it is, in our view of the case, of no consequence whether there was or not. Without any reference whatever to the admissions of the vice-president, the plaintiff was clearly entitled, under the evidence, to the verdict and judgment which she obtained.

Charles H. Clark, the Chicago manager of appellant, testified as follows: "Residence, Chicago. Business, manager of the Massachusetts Benefit Life Association. I was such manager during the whole of November, December and January last. I was acquainted with E. L. Sibley. Had known him two or three years before his death. He was solicitor for life insurance companies. I was authorized to employ him as agent in December, 1893. With reference to employing him for the Massachusetts Benefit Life Association, would say that I met him and he wanted to place his surplus business with us. He was not our regular agent. He was working for some other company. I told him that any surplus business he would place with us we would be glad to receive, and we would pay him a commission. This he told me he would do, and I gave him some applications and literature in general. That was the last time I saw him. Mr. Sibley brought three applications to the office of the company in Chicago. One

was his own.   The other two I don't remember the names
of, without reference to the books.   The applications
Sibley brought in were sent to the company at Boston.
That was the ordinary course of the business of the com-
pany with reference to applications received here.   The
policies are written in Boston and then sent to the man-
ager of the company at Chicago.   They are then given
to the agent or person writing the insurance, or if the
agent has instructed him, he delivers the policies to the
policyholder.   We would leave them on our desks ad-
dressed to the party insured, and the party receiving the
insurance would come in and get the policies and deliver
them to the policyholders and collect the premium.   The
agent that writes the application comes in and takes the
policies off the desk and delivers them to the insured
and collects the premium when they are delivered.   Re-
garding these three that Mr. Sibley wrote, I think I saw
them when I opened the letters and got the policies out.
I believe I did see them.   I know I addressed them to the
parties and put them on my desk, and that was all.   I did
not handle them after that time.   I don't know how they
got out of the office.   I did not deliver them to any one.
I did not hand them to Mr. Sibley.   The last I saw of
them was when they were lying on my desk,—outside
the desk."

Although there is no direct proof of the fact, it suffi-
ciently appears from the evidence that Sibley took the
policies mentioned by Clark from his office, and delivered
two of them to the third parties to whom they were
issued, retaining his own, and afterward handed it to his
wife.   If Clark, after placing the Sibley policy in an
envelope and addressing it to the insured, had handed it
to him, there could have been no question as to the suf-
ficiency of its delivery, and how it can be said that the
manner in which he became possessed of it is, in law,
different from a manual delivery to him by the agent, we
are unable to perceive.   When Clark placed the three

policies upon the desk in his office he expected Sibley to do just what he did do,—that is, come and take them away, delivering them to the parties to whom they were issued. He did not, according to his testimony, expect Sibley to do anything as a condition precedent to his receiving his policy. The intention to deliver is clearly shown by this testimony. It is not necessary to say that he could deliver the policy to himself. When he became possessed of it by consent of the company it was in fact delivered to him.

The presumption of payment, arising from the recital in the policy, is fortified by the fact that the commissions earned by the insured by placing with the defendant the three policies mentioned by Clark are not shown to have been paid in any other way.

The judgment of the Appellate Court is right, and will be affirmed. *Judgment affirmed.*