N. B. NICHOLS, *et al.*, v. GEORGE SADLER, Appellant.

**Delivery of Deed:** PRESUMPTIONS: *Date of acknowledgment.* Where a deed, duly acknowledged, is shown to have been in the possession of the grantee, the presumption is that it was delivered, and that the time of delivery was the same as that of acknowledgement.

*Appeal from Clayton District Court.*—HON. W. A. HOYT, Judge.

WEDNESDAY; OCTOBER 21, 1896.

THIS is a suit in equity to reform and correct a mistake in the description of land in a deed of conveyance. The plaintiffs claim to be the absolute owners of the land. The defendant is in possession of the land, and claims that he is the owner thereof. There was a decree for the plaintiffs, and defendant appeals. —*Affirmed.*

*J. E. Corlett* for appellant.

*W. A. Preston* for appellees.

ROTHROCK, C. J.—It appears from the evidence that Dennis Quigley was the owner of the land in controversy. The plaintiffs are the heirs at law of Mary Nichols, deceased. They claim that on the second day of November, 1863, Quigley conveyed the land to Mary Nichols, and that she was the owner thereof until her death, when the title descended to the plaintiffs. The land owned by Quigley was the west half of the southwest quarter of the southeast quarter of section 25, township 95, range 5 W., excepting a schoolhouse lot in the southwest quarter of said tract. There is no dispute that Quigley was the owner of the

land above described. The plaintiffs exhibited with their petition a conveyance from Quigley to Mary Nichols, which described the land as the southeast sub-division of the quarter section, instead of the southwest, which is the true description. The evidence conclusively shows that this was a mistake of the scrivener in writing the deed, The deed, as written, excepted the schoolhouse lot, and there was no schoolhouse on the twenty acres described in the deed. Mary Nichols took possession of the land when the deed was made, and erected a dwelling house thereon, and resided in the house for three or four years, and until a short time before her death; and during that time it was known and recognized as her land. It is not claimed that she at any time made any conveyance of the property to any one. The evidence in the case establishes the mistake beyond any question, and we do not understand counsel for appellant to complain of the decree as being contrary to the evidence, so far as the correction of the mistake is involved. There was also a slight mistake in the name of Mary Nichols as it was written in the deed, but it is of such little consequence that we do not deem it necessary to set it out in this opinion. The similarity of the name in the deed with the true name, taken in connection with the possession of the land, leaves no doubt that the intention was to convey the premises to Mary Nichols.

II. The defendant, by his answer, claims that he is the absolute owner in fee of the land in dispute. He asserts his ownership in this language: "That he has been in the actual, adverse, continued, visible, and notorious, distinct, and hostile possession of said premises, commenced under claim or color of title, continuously for more than twenty years last past, and that he is now in the possession of same." If this averment is true, the defense is complete. His

answer contains every element of title by adverse possession for more than the period of the statute of limitations. The plaintiffs, by a reply, deny that the possession of the defendant was adverse, and assert that he acquired possession of the land, and now retains the same, by virtue of a written lease made to him by the guardian of plaintiffs, in or about the year 1870, by which lease the defendant agreed to keep the taxes paid on the land, and to maintain the fences in repair, for the use and occupation of the property. A question proper to be considered in the case is whether the deed from Quigley to Mary Nichols was a genuine instrument, and whether it was delivered to her by the grantor, Quigley. The evidence shows quite conclusively that the instrument was in the handwriting of Quigley, and that his signature thereto was genu·ine, and that it was in the possession of Mary Nichols in her lifetime. It was duly acknowledged on the second day of November, 1863. It is true, it was not filed for record and recorded until the year 1891. For aught that appears, the deed was delivered at the time it was executed and acknowledged. In the absence of any showing as to the precise time at which a deed was delivered, it is to be presumed that it was done at the date of the acknowledgment. *Henry County v. Bradshaw*, 20 Iowa, 355.

III.   The defendant makes no claim that he has any conveyance from any one for the land. He founds his claim of right, or color of title, upon a verbal contract of purchase from Quigley in the year 1870, or 1871, and that he paid the purchase money in full, and took possession of the land as owner. The question in dispute is whether the possession was taken under a contract of purchase from Quigley, or a lease from Henry Gifford, the guardian of the plaintiffs. On this question the testimony of the defendants supports his claimed purchase. But the evidence showing that he

leased the land from Gifford, and that he did not claim title until within a short time before this suit was commenced, is absolutely conclusive. It is shown by his own repeated declarations to a number of witnesses, who are in no way impeached; and this is supplemented by other evidence, that he repeatedly offered to purchase the land. We will not set out the testimony of the witnesses. They are in no way contradicted, except by the defendant's testimony. There is no doubt that the possession of the defendant was not made under claim of title, or color of right, but that it related to a lease of the land from the guardian of the plantiffs. Such being the nature of the possession, it is unnecessary to cite authorities to sustain the decree of the district court. The occupation of the land was without any of the elements necessary to constitute adverse possession. It was under an agreement which was neither color of title, nor claim of right. The decree of the district court is AFFIRMED.