EMMA CRABTREE, Appellant, v. C. H. CRABTREE and ADA CRABTREE, Appellees.

**Conveyances:** DELIVERY: PRESUMPTION. A conveyance bearing one date and its certificate of acknowledgment a later date will be presumed, in the absence of other evidence, to have been delivered on the latter date, when found in the possession of the grantee.

**Same:** SIMULTANEOUS EXECUTION. Where two or more deeds are simultaneously executed and so connected that they may be regarded as a single transaction they will be held to take effect in such order as will carry out the intention of the parties and secure the rights of all concerned.

*Appeal from Polk District Court.*— HON. A. H. McVEY, Judge.

WEDNESDAY, NOVEMBER 20, 1907.

ACTION in equity for the partition of real estate. Decree dismissing the petition, and plaintiff appeals.— *Affirmed.*

*Gillespie & Bannister,* for appellant.

*Parsons & Parsons* and *H. C. Evans,* for appellees.

WEAVER, C. J.— The plaintiff and C. H. Crabtree were formerly husband and wife, but are now divorced. Since

their divorce Rose M. Crabtree, a child of said marriage, died intestate, leaving her parents as her only heirs at law. This action is based on the claim that the daughter died seized of the real estate in controversy, and that the title descended from her in equal shares to the plaintiff and C. H. Crabtree. It is denied by defendants that the deceased held the title at the time of her death, and they allege that C. H. Crabtree is the sole owner. It is not denied by the plaintiff that C. H. Crabtree originally purchased and took title to the property in himself, but it is claimed that said defendants conveyed the property to deceased in August, 1904, and that the title remained in her until her death. To establish this claim, plaintiff offered in evidence a duly recorded warranty deed of the property from C. H. Crabtree and his present wife to Rose M. Crabtree. This deed appears to have been dated and acknowledged August 22, 1904. To avoid the effect of this deed, defendants produced two unrecorded deeds of the same property from Rose M. Crabtree to C. H. Crabtree. These deeds, though bearing the date of August 17, 1904, appear to have been acknowledged August 22, 1904, the same date as that of the deed to Rose M. Crabtree, through which plaintiff traces her claim of title. Except the three deeds above mentioned, neither party has offered any evidence, and the case was tried below and is presented here solely upon the presumptions and inferences to be drawn from the face of these instruments. Plaintiff argues that the deeds are presumed to have been made and delivered on the day of their date, and, as the conveyance from C. H. Crabtree and his present wife to Rose M. Crabtree bears date five days later than the deed from the latter to C. H. Crabtree, the two transactions must be treated as having taken place in the chronological order of their dates, thus leaving the title in the daughter.

It is true that a written conveyance found in the possession of the grantee will be presumed to have been made and delivered on the day of its date, in the absence of any other

evidence in the instrument or extrinsic thereto leading to another conclusion. This rule has the very general recognition of the authorities. But, where it happens that the body of the deed bears one date and the certificate of acknowledgment by the grantor bears a later date, a different question arises. Many courts, and perhaps the weight of authority, hold, with the contention of the appellant herein, that the presumption that the deed was made and delivered on the day of its date is not overcome by the fact that the acknowledgment bears a later date. See 4 Encyc. " Evidence," 175, and cases there cited. In this State, however, and in some others, the contrary rule obtains, and it is here held that, where the deed bears one date and the certificate of its acknowledgment bears a later date, the latter, in the absence of other evidence, is presumed to indicate the time of delivery. *Henry County v. Bradshaw,* 20 Iowa, 355; *Nichols v. Sadler,* 99 Iowa, 429. See, also, *Johnson v. Moore,* 28 Mich. 3; *Blanchard v. Tyler,* 12 Mich. 339 (86 Am. Dec. 57); *Henderson v. Baltimore,* 8 Md. 352; *Fitzpatrick v. Brigman,* 130 Ala. 450 (30 South. 500); *Loomis v. Pingree,* 43 Me. 299; *Benson v. Woolverton,* 15 N. J. Eq. 158. Following our own precedents, we must therefore hold that in the entire absence of other evidence, except such as appears in the instruments themselves, they are all presumed to have been made and delivered on the date of their acknowledgment, August, 22, 1904.

1. CONVEYANCES: delivery: presumption.

It is also not without some significance that the three acknowledgments not only bear the same date, but were all taken by the same notary. It is a fair inference from these circumstances that the several instruments executed by and between the same parties, on the same day, before the same officer, and concerning the same subject-matter, constitute parts of a single transaction. It is also an established rule that when two or more deeds or other writings are made simultaneously, and are so connected with each other that they may be regarded

2. SAME: simultaneous execution.

as a single transaction, they shall be held to take effect in such order as shall carry out the intentions and secure the rights of all the respective parties. *Pomeroy v. Latting,* 15 Gray (Mass.) 435; *Loomis v. Pingree,* 43 Me. 299.

As we have already noted, there is no evidence before us other than the deeds themselves to indicate what was or may have been the intention of the parties to this somewhat singular transaction. It is conceded in argument that the defendant C. H. Crabtree was formerly the owner and holder of the legal title to the property in suit, and, if the deceased, Rose M. Crabtree, ever obtained title, it must have been derived by her from him. Unless we are to abandon the position heretofore taken by this court with respect to the presumption attaching to the date of the acknowledgment of a deed, there is not the slightest evidence that such title was ever conveyed to Rose M. Crabtree, prior to August 22, 1904. Nor is the transaction explainable on appellant's theory, unless we are to suppose that by her deed to C. H. Crabtree the deceased did the vain and useless thing of executing a formal conveyance to her father of property which he then owned, and in which she had no apparent interest, legal or equitable, and that he thereupon immediately and as a part of the same transaction conveyed the title back to her. It is much more natural to suppose that, for reasons not disclosed, C. H. Crabtree desired to place the apparent title of record in the daughter, and at the same time, by taking a reconveyance from her and withholding the same from record, avoid just such complication as has now arisen respecting the real ownership. In other words, a conveyance by the holder of the title to another person and a reconveyance by the grantee to the grantor would be a logical or at least explainable sequence of events, while to assume that the deeds were made in the order contended for by the appellant would be neither.

The trial court seems to have acted upon this theory, and we are disposed to agree therewith. The burden was

upon the plaintiff to make good her alleged claim of title, and we think it quite clear that she has failed so to do.

For the reasons stated, the decree of the district court is *affirmed*.