CHARLES McCOY, Respondent, v. BANKERS LIFE ASSOCIATION, Appellant.

Kansas City Court of Appeals, December 7, 1908.

LIFE INSURANCE: Assessment Plan: Forfeitable Policy. The defendant's plan of life insurance together with its policy is considered and held to be an assessment scheme and not old line insurance and that its policy is a forfeitable one.

Appeal from Harrison Circuit Court.—*Hon. George W. Wanamaker,* Judge.

REVERSED.

*I. M. Earle* and *A. S. Cumming* for appellant.

(1)   The Non-Forfeiture Statutes has no application to this case because the contract is an assessment contract in fact and not an "ordinary life policy," "limited life policy," or "continued payment endowment policy," which are the only contracts affected by the Non-Forfeiture Statute. Westerman v. Supreme Lodge, 196 Mo. 670, 94 S. W. 486.   (2)   The failure of a member in an assessment association to pay his assessment in the time provided terminates his membership if so provided in the contract.   Lavin v. Grand Lodge, 104 Mo. App. 17, 78 S. W. 329; Smith v. Sovereign Camp, 179 Mo. 119, 77 S. W. 862; Lehman v. Clark, 174 Ill. 279, 51 N. E. 222, 25 Cyc. 831; Kennedy v. Grand Fraternity (Mont.), 92 Pac. 971.   (3)   There can be no reinstatement except as provided by the contract.   Niblack, Mut. Benefit Societies, 303, 3d Cooley's Ins. Briefs, p. 2399. Lane v. Fidelity Ass'n (N. C.), 54 S. E. 854; Kennedy v. Grand Fraternity (Mont.), 92 Pac. 971; Butler v. Grand Lodge, 146 Cal. 172, 79 Pac. 761, 25 Cyc., 849. (4)   The guarantee fund cannot be used for payment of assessments.   Mee v. Assn., 69 Minn. 210, 72 N. W. 74.   (5)   Defendant is an assessment life insurance company under the Missouri statute, because it appears from the contract and agreed facts that its premiums are not level and fixed.   Westerman v. Supreme Lodge, 196 Mo. 716, 94 S. W. 482; Williams v. St. Louis Life, 97 Mo. App. 454, and cases cited; Haddell v. Mut. Reserve Fund, 98 Fed. 200; Elliott v. Des Moines Life, 163 Mo. 132; 3d Missouri Annotated Statutes 1906, section 7901 and cases cited.

*J. M. Sallee* for respondent.

(1)   To create an assessment company three things are necessary:   (a)   The right to have the assessment made must be given to the insured.   (b)   The duty to make it must be imposed upon the corporation.   (c)

Liability for its payment must be created upon its members. No scheme of life insurance can come within this principle and become insurance upon the assessment plan unless somewhere. along the line of its operation all three of the above and foregoing provisions must be created. Jacobs v. Life Association, 146 Mo. 538; Williams v. Insurance Co., 97 Mo. App. 454; Folkens v. Insurance Co., 98 Mo. App. 488; McDonald v. Life Association, 154 Mo. 628; Elliott v. Insurance Co., 163 Mo. 153; Jacobs v. Omaha Life Association, 142 Mo. 59; Williams v. Insurance Co., 189 Mo. 82. (2) The primary and controlling principle of the statute is that the benefit is to be paid out of a fund raised by assessments upon persons holding similar contracts by which they are made liable for the payment of such assessments. R. S. 1899, sec. 7901. (3) By careful examination of defendant's articles of incorporation and by-laws, we think will fully substantiate our contentions that the defendant is not an assessment company. Herzberg v. Mod. Bro. of Am., 110 Mo. App. 333; McDonald v. Life Assn., 154 Mo. 628. In the case of Aloe v. Fidelity Mutual Life Association, 164 Mo. 686, Judge MARSHALL in speaking for the court says: "A closer investigation, however, has led me to the conclusion that this defendant cannot be considered an insurance company on the assessment plan, in the light of the Act of 1887, and of the later decisions in this State, as to what constitutes an assessment company under our laws, and the fact that it was chartered by the State of Pennsylvania as an assessment company, does not change its character or status under our law." (4) The Bankers Life Association, of Des Moines, Iowa, has been several times before the courts of this State and has been construed by our courts of last resort to an old line insurance company. McDonald v. Bankers Life Association, 154 Mo. 626; Purdy v. Bankers Life Association, 101 Mo. App. 91.

BROADDUS, P. J.—This is an action upon a policy of insurance. On the 26th day of September, 1898, the defendant, an insurance company organized under the laws of Iowa as an assessment company and licensed as such to do business in this State, issued to the plaintiff a certain policy in words and figures as follows:

"THE BANKERS LIFE ASSOCIATION.
*Certificate of Membership No.* 75565.
$2,000.00
Des Moines, Iowa, September 26, 1898.

"This is to certify that in consideration of the articles of incorporation and by-laws of this association and of the warranties contained in his application No. 63298, all of which are hereby made a part of this contract, and the sum of seventy-two dollars, Mr. Charles Mc-Coy, of New Hampton, State of Missouri, by occupation a farmer, aged forty-eight years, has been admitted to membership in this association, and that in the event of his death during membership his beneficiary shall receive the sum of two thousand dollars, and the guarantee fund deposited with the association by the said member amounting to forty-eight dollars. Upon the failure of the above-named member to make any payment due from him to the association at its maturity in January, April, July or October of each year, his guarantee deposit and all other payments made shall be forfeited, and his membership shall thereupon cease. This certificate to become null and void if death occurs from self-destruction within five years from this date, the member being sane or insane, or if the member shall become habitually intemperate in the use of intoxicating liquors, chloral, cocaine or opium, and no action shall be brought or sustained upon or under this certificate unless proof of death be made within sixty days and suit commenced within one year after the day of death of the member. The amount due under this contract to be provided for by assessment on the membership levied pro rata upon the

guarantee fund of the association unless otherwise supplied and to be paid to legal representatives at the home office of the association upon presentation of the certificate with satisfactory proof of claim to be supplied by the beneficiary. In the event of the death of the beneficiary prior to that of the member, or in case none is named, the benefit then to be payable to the legal representatives of the deceased members.

"In witness whereof the signature of the president attested by the secretary and the seal of the association, are hereto affixed on the date above written."

Two days prior to the date of said policy, the plaintiff became a member of the defendant association. The plan of the association is that every applicant at entry pays to the association a sum equal to one dollar for each year of his age, which is placed in what is called a guarantee fund. If he dies a member, the sum is paid to his beneficiary in addition to the $2,000 mentioned in the certificate. If he fails to pay his expense dues or assessments within the time provided, his membership terminates and this sum is forfeited to the association and is passed to what is called the reserve fund, which can be used only as an emergency fund to provide for death losses in excess of one per cent. per annum of the membership of the association. The by-laws provide for assessments quarterly for each year, viz.: December, March, June and September, and are payable during the succeeding calendar month. Each assessment is based upon the estimated amount required for death losses for the quarter, which is levied upon the guarantee fund; that is to say, the estimated amount is divided by the aggregate of the guarantee fund, which gives the percentage of levy. The assessment against each member is determined by multiplying the sum paid by him into the guarantee fund by such percentage. Notice of such assessment is required by the by-laws to be sent to each member stating the percentage levied and the time in which it is to be paid.

In December, 1903, an assessment on the members of ten per cent levy was made upon the guarantee fund for the purpose of providing for death losses and five per cent for semiannual expense dues, which are provided for in the defendant's by-laws. Notice of such assessment was duly made to the plaintiff, but he failed to pay the same at the time provided, to-wit, in the month of January following, but, afterwards, mailed to defendant the proper amount by draft in the succeeding month of February, which the association refused to accept and notified him that it could not be accepted without satisfactory evidence of his health. On February 11th, plaintiff mailed a health certificate, which stated that he had a cold and was confined to his house, but not to his bed. This certificate was returned to him on the 15th of February with the request that he again apply when he had recovered from his illness. Plaintiff wrote again to defendant on April 16th that he had recovered from the cold, but had taken the typhoid fever and had fully recovered excepting being a little weak. The association again wrote to him recommending that he write again when he became strong and the association would then have him examined by a physician. Nothing further was done until plaintiff brought this suit.

The principal question in the case is whether the defendant is an assessment or an old-line insurance company. If the former, then section 7897, Revised Statutes 1899, does not govern and the plaintiff is not entitled to recover on the ground that the policy is non-forfeitable, more than three annual payments of premiums having been paid. Section 7910, *idem*, Article III, entitled "Insurance Companies on the Assessment Plan," among other matters has the following provision, "provided always, that nothing herein contained shall subject any corporation doing business under this article to any other provisions or requirements of the general insurance laws of this State, except as distinctly herein set forth and provided." The effect of the provision is to

exempt insurance companies doing business on the assessment plan of being subject to said Section 7879 governing old-line insurance companies.

It is contended by plaintiff that, notwithstanding the defendant association purports to be doing business in the State of Iowa as an assessment company, it is not so engaged as such in this State. In Jacobs v. Life Assn., 146 Mo. 523, it is said "If the payment of the policy is depended upon funds raised by fixed premiums paid at stated periods by the members insured, the company is not one on the assessment plan. The following clause in an insurance policy requiring fixed premiums at stated periods did not change it to a contract on the assessment plan: 'Nor shall anything in this policy contained be held a bar to the association calling upon the members for contribution in excess of that indicated herein, provided there shall at any time prove to be a deficiency in the mortuary fund, but no such additional contribution can be exacted until the uncredited portion of the reserve fund has first also been exhausted in payment of such deficiency.'" This case was followed in Toomey v. Supreme Lodge, 147 Mo. 129, and McDonald v. Life Assn., 154 Mo. 626. But in Elliott v. Insurance Co., 163 Mo. 132, these cases were construed to apply only to policies where no provisions were made for an assessment and where the assured discharged his full obligation to the company by paying the stipulated premiums as they became due. [Williams v. Insurance Co., 97 Mo. App. 449.] The policy in Elliott v. Insurance Co., supra, provided for certain fixed payments to be made by the insured, but contained a clause that "in case the death rate should exceed our estimated rates, the association will pay the deficiency from the emergency fund until such fund is exhausted, after which an additional premium may be levied *pro rata* by the executive board to meet the deficiency." It was held that the policy was an assessment policy.

Plaintiff relies greatly on case of McDonald v. Life Association, supra. The association in that case and this are the same. But the two policies are very different. In the former, there was no provision for an assessment of the members to pay for death losses and only a provision for the payment of a sum of money equal to two per cent of the aggregate of the guarantee fund on hand. The court said the amount to be paid the beneficiary did not depend in any manner "upon the collection of an assessment upon persons holding similar contracts," etc. Whatever may be said about the effect of the decision in that case, it does not apply here for the policy in plain terms does provide that the members of the association shall each be assessed according to his *pro rata* of the guarantee fund for the purpose of paying death losses. Section 7901, Revised Statutes 1899, reads in part as follows: "Every contract whereby a benefit is to accrue to a person or persons named therein, upon the death or physical disability of a person also named therein, the payment of which said benefit is in any manner or degree depended upon the collection of an assessment upon persons holding similar contracts, shall be deemed a contract of insurance upon the assessment plan," etc. Under the defendant's organization as it now exists, there is, and can be, no other means of raising funds to pay death losses except by assessment on its members. Since the decision in McDonald v. Life Ass'n, supra, the defendant seems to have profited by what is there said or, at least, it has since then changed its plan of doing business in order to comply with said section 7901 regulating insurance on the assessment plan.

The purpose of plaintiff's action is to have himself reinstated as a member of defendant society and for judgment for $2,048.00 with interest, and for all other and proper relief. The court did not make any finding or judgment that plaintiff be restored as a member of the association, but rendered a money judgment for the sum of $1,238.40. The question of whether plaintiff should

have been restored as a member of the association is not therefore before this court.

The judgment rendered was based upon the theory that the policy in question was non-forfeitable. As we hold otherwise, there is nothing left for us but to reverse the judgment, which is accordingly ordered. All concur.