VIVIAN BEGGS, Appellee, v. METROPOLITAN LIFE INSURANCE COMPANY, Appellant.

No. 42397.

DECEMBER 4, 1934.

Gleysteen, Purdy & Harper, for appellant.

Jepson, Struble & Sifford and Yeaman & Yeaman, for appellee.

CLAUSSEN, J.—Plaintiff brings this action to recover on an accident policy. The instrument sued on covers plaintiff's deceased husband. There is no question but what the decedent came to his death under such circumstances that the beneficiary is entitled to

recover, if the policy was in force and effect. The question is whether the policy was in effect.

The policy contains a provision that it shall not be in effect until the first premium has been paid. The company claims that the first premium had not been paid and that consequently the policy was not in force.

The policy was in the possession of the beneficiary at the time of her husband's death, but the company insists that the policy was delivered to the husband for inspection only.

The situation referred to in the preceding paragraph brings us to the first question requiring solution. Plaintiff contends that the possession of the policy by her raises a presumption that the policy was duly delivered by the company as a policy which became effective and in force with delivery. The company concedes that the possession of the policy raises a presumption that the policy was delivered, but denies that the presumption extends so far as to cover the effectiveness of the policy. It is contended, in view of the language of the policy, that it shall be in force and effect only on the payment of the first premium, that plaintiff's contentions require a pyramiding of presumptions, namely that from possession of the policy delivery is presumed and then from delivery, the payment of the first premium is presumed. It may be conceded that presumptions cannot be superimposed or pyramided on each other, without material effect upon the question. The real question is, what is presumed? If a single presumption arises from the possession of the policy that it was delivered as a valid and subsisting contract, that is to say, a contract of insurance in force upon delivery, there would be no pyramiding of presumptions. An examination of authority leads us to the conclusion that possession of the policy by the insured raises the presumption that the policy was delivered by the company as a policy in force and effect at the time of delivery. Hoover v. Bankers Life Assn., 155 Iowa 322, 136 N. W. 117. In fact, if such were not the import of the presumption, there would be no occasion to indulge in any presumption. We start out with the policy in the possession of the insured, and, as a consequence, no presumption need be indulged in to get the policy into the possession of the insured. The only presumption that could be indulged in is that possession was obtained through delivery, something more than a mere surrender of physical possession of the policy, in truth that the policy was handed over as a subsisting and

effective contract of insurance. Still, the determination of this question does not dispose of the appeal.

Upon the trial of the case the company introduced the testimony of the agent who contacted the decedent in relation to the policy. He testified in effect that the policy was delivered for inspection only and that the first premium was not paid. Plaintiff introduced evidence from which she claims payment of the first premium could be found by the jury as a fact. The company contends, however, that such evidence did not tend to establish the fact in any degree. Without deciding this dispute, we shall assume that the company's position in this respect is well taken. We have then a situation in which, upon the conclusion of the case, the policy, executed in due form, was shown to be in the possession of the insured at the time of his death, containing the provision that it should be effective only upon payment of the first premium, while the only evidence on the question of payment of the premium was the testimony of the agent to the effect that the premium had not been paid. In this situation the company contends that the presumption of delivery as an effective policy has no place in the case, because presumptions of this kind do not have the force and effect of evidence, when affirmative evidence upon the question is presented in the case. Appellant has tersely stated its contention in this respect in the following language:

"And the defendant insists that the opposing evidence need not be conclusive. It is enough that it is direct, consistent and credible, and sufficient to make a *prima facie* showing."

Questions concerning the force and effect of presumptions, of the general character of the one under consideration, are not new. An examination of the authorities discloses the fact that these presumptions owe their existence to necessity and are based upon general experience. The necessity which brings them into existence is the fact that in their absence many meritorious causes would fail through inability to produce affirmative evidence of essential facts, concerning the existence of which the general experience of men leaves but slight doubt. To avoid miscarriage of justice, the existence of many facts is presumed in such situations. See 22 C. J., p. 82, section 25.

These presumptions sustain a finding by the trier of fact questions that the presumed facts actually exist. The presumptions are not evidence. The evidentiary facts are the ones from which the

presumptions arise. When once established by the evidence, such facts remain in the record, and no matter what other facts the record may reveal, tend to sustain a finding of the fact presumed. It may be that such other facts establish that the fact inferable in other situations does not exist. In such situations the presumed fact cannot be found to exist. When the evidence conclusively establishes that, notwithstanding the existence of the primary facts, the inferable fact does not exist, it is for the court to determine as a matter of law that the fact, inferable in other situations, does not exist. In such situations it is frequently said that the presumption does not exist in the presence of conclusive and unimpeached evidence that the fact presumed does not exist. As frequently happens, courts are not agreed upon the terminology used in expressing the same thought. In the last analysis the question is: When are the facts in evidence such that the court can determine as a matter of law that presumed or inferable facts do not exist? We may well illustrate by referring to cases relied on by appellant. The possession of a deed by the grantee raises a presumption that the deed was validly delivered at or about the date of the deed. It is conceivable that a case may come before the court in which the record discloses only that the deed is in the possession of the grantee. In such case the presumption of delivery would clearly warrant a finding that the deed was delivered. It is also conceivable that a case may come before the court in which the record discloses that the deed was in the possession of the grantee and other facts tending to establish that the deed was not delivered. In such case the trier of the fact question must weigh all the facts—the fact that the deed was in the possession of the grantee and the other facts in evidence—and determine, in the light of the permissible inference of delivery, whether the deed was actually delivered. It is also conceivable that a case may come before the court in which the deed is in the possession of the grantee, but in which the facts in evidence conclusively establish that the deed was not delivered to the grantee but came into his possession in a manner other than through the process of delivery. In such case a finding of delivery cannot be made. The primary evidentiary fact that the deed was in the possession of the grantee still warrants an inference of delivery, but the other facts in evidence do not permit delivery to be found as a fact, because nondelivery has been conclusively established. When, as in the case last supposed, nondelivery has been conclusively established, it is

for the court to determine that the deed was not delivered. And in such case the determination by the court that the deed was not delivered is, in a sense, a determination that delivery is not presumed from the fact of possession by the grantee. In truth, in the case last supposed, delivery is not presumed from possession of the deed, but this does not mean that the evidentiary fact of possession does not carry with it evidentiary value on the question of delivery. This brings us back to the suggestion that the real question is whether the record presents a fact situation in which it is for the court to determine as a matter of law that the presumed fact did not exist. When nondelivery is conclusively established, delivery cannot be presumed from possession of the deed. Schaefer v. Anchor Mut. Fire Ins. Co., 133 Iowa 205, 110 N. W. 470. The same reasoning has been applied to other presumptions. See Kauffman v. Logan, 187 Iowa 670, 174 N. W. 366; Tegtmeyer v. Byram, 204 Iowa 1169, 216 N. W. 613; Ames v. Waterloo & Cedar Falls Rapid Transit Co., 120 Iowa 640, 95 N. W. 161; State v. Butler, 186 Iowa 1247, 173 N. W. 239. In every Iowa case to which our attention has been called, in which it has been held that presumption was not available, the nonexistence of the presumable fact was conclusively established, and in some of the cases the court specifically recognizes that with the evidence in equipoise the presumption should turn the decision in favor of the party having the benefit of the presumption. The cases are clear upon the proposition that the nonexistence of the presumed fact must be conclusively established before presumption can be eliminated.

Bearing in mind that the presumption under discussion arises in necessity, and is that the policy was delivered as an effective instrument, we naturally turn now to the question whether the testimony of the agent who contacted the insured, to the effect that the premium was not paid, conclusively establishes nonpayment. Courts generally hold that it does not. In the first instance, insurance companies have absolute control over the execution and delivery of their policies. In the case before us, as in all cases in which the insured has passed away, death has sealed the lips of the only witness available to plaintiff with certain knowledge whether payment has been made. The general experience of men is that insurance policies are not delivered for inspection unless a special receipt is taken for it, and the record indicates that such was the practice of defendant company and that no such receipt was taken in this

instance. The general experience of men is that a policy is not delivered to the insured without the payment of the first premium being made, unless credit is extended in some form or manner for such premium. It is not the general experience of men nor the practice of insurance companies to promiscuously execute and deliver policies of insurance to become effective if and when the first premium has been paid. In the light of the facts surrounding those who hold policies of insurance, it cannot be held that the testimony of the agent to the effect that the insured did not pay the premium conclusively establishes nonpayment. Consequently, it is our conclusion that the court properly submitted the question of payment to the jury with instructions that possession of the policy raised a presumption that the policy had been delivered as an effective policy, and that the first premium had been paid. 33 C. J., p. 104, section 822 et seq.; Thum v. Wolstenholme, 21 Utah 446, 61 P. 537; Bankers Reserve Life Co. v. Sommers (Tex. Civ. App.) 242 S. W. 258; Kendrick v. Mut. Ben. Life Ins. Co., 124 N. C. 315, 32 S. E. 728, 70 Am. St. Rep. 592; Jones v. New York Life Ins. Co., 168 Mass. 245, 47 N. E. 92; Massachusetts Ben. Life Assn' v. Sibley, 158 Ill. 411, 42 N. E. 137; Lafferty v. Kansas City. Casualty Co., 287 Mo. 555, 229 S. W. 750.

Appellant complains of certain instructions given by the court. Such complaints are, with one exception, disposed of by what has been said in preceding paragraphs of this opinion. One instruction is assailed because it is confusing on the question as to who carried the burden of proof. The instructions as a whole clearly placed the burden of proof on the plaintiff. The instruction assailed is not happily worded, but when read with the other instructions would not confuse the jury.—Affirmed.

MITCHELL, C. J., and STEVENS, ANDERSON, KINTZINGER, and DONEGAN, JJ., concur.