WILLIAM WHITING, administrator, *vs.* MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY.

Hampden. Sept. 24, 1879. — Sept. 10, 1880. ENDICOTT & LORD, JJ., absent.

If a policy of life insurance contains the provision that the policy " shall not take effect until the advance premium hereon shall have been paid during the lifetime of the person whose life is hereby insured," a payment of such premium by a third person, without the knowledge of the assured, is of no effect, although made with his money ; and his administrator cannot ratify the act.

COLT, J. It is expressly provided in the policy of life insurance upon which this action is brought, that it " shall not take effect until the advance premium hereon shall have been paid during the lifetime of the person whose life is hereby insured."

It appeared at the trial, that, in February, Henry L. Fairfield, the plaintiff's intestate, made application for insurance in the defendant company ; and that, in the early part of May following, the policy in suit was left at Fairfield's place of business, by an agent of the company, who by letter requested payment of the premium " if the policy was correct and satisfactory." This request was repeated by letter dated May 21, addressed to Fairfield, who was then at home, having arrived there in ill health on the 18th of the same month. He died of this illness on May 27. The letter of the 21st was opened by his sister, who, without communication with or direction from him, caused the advance premium to be paid to the company, by a check signed by a member of the firm in which Fairfield was a partner. Fairfield died without knowledge of this payment.

Upon this state of facts, it is plain that no contract of insurance existed between the parties at the time of the death of the plaintiff's intestate. The possession of the policy, without a waiver, on the part of the company, of the condition upon the performance of which it was to take effect, does not, on the facts disclosed, show a delivery of it in completion of the contract, or furnish any evidence that the minds of the parties had met. It is not enough that the form of the policy had been approved, for it was still optional with Fairfield whether he would by payment make it a binding contract. If he declined or neglected to pay, the company would have no claim for the premium against him,

or against his estate, because the risk never attached. A payment by a stranger, made without the knowledge or consent of the assured, though made with his money, would not bind him or the company; and the money, so wrongfully appropriated, could be recovered back by him or by his administrator. *Hoyt* v. *Mutual Benefit Ins. Co.* 98 Mass. 539. *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78. *Badger* v. *American Ins. Co.* 103 Mass. 244. *Thayer* v. *Middlesex Ins. Co.* 10 Pick. 326. *Piedmont & Arlington Ins. Co.* v. *Ewing*, 92 U. S. 377.

After the death of Fairfield, the administrator of his estate, and the widow, to whom the policy was made payable, joined in the proofs of loss, and the administrator, for the benefit of the widow, brought this action against the company. But these proceedings do not amount to such ratification of the unauthorized payment by the sister as will give validity to the policy. The difficulty is, that there was no contract existing at the time of the death to be ratified. The payment of the premium was not the payment by another of a debt due from the intestate, which the administrator, without affecting the rights of the company, would have power to ratify; and to say that the administrator may now do it, so as to bind the company, would be to say that a policy of life insurance may be made to take effect as a contract by an act of ratification by the administrator after the death of the person whose life is thereby insured; or, as was said by Mr. Justice Miller in *Piedmont & Arlington Ins. Co.* v. *Ewing*, above cited, "to affirm that one party to a negotiation can delay his consent to the terms of the contract until the changes of fortune enable him to reap all the benefits, and throw all the losses on the other side, and then, for the first time, do what was necessary on his part to make the contract obligatory."

It is laid down, in general rules governing the relation of principal and agent, that no unauthorized act of the latter can be made valid by subsequent ratification to the prejudice of third persons without their consent; and that no ratification is valid unless the principal at the time of ratifying the act has power to confer the authority for such act. *Sturtevant* v. *Robinson*, 18 Pick. 175. *Bird* v. *Brown*, 4 Exch. 786. *McCracken* v. *San Francisco*, 16 Cal. 591, 624. Story on Agency, §§ 245, 246.

It is contended that there is some authority for the proposition that the payment of a renewal premium by a stranger to the contract after it becomes due will be sufficient to prevent the lapsing of a policy on the life of one who dies after it becomes due and before it is paid; although the policy contains the usual condition requiring its payment in order to continue the contract in force. But the case of *Howell* v. *Knickerbocker Ins. Co.* 44 N. Y. 276, cited by the plaintiff, was decided expressly on the ground that there had been a waiver by the company of a prompt payment of the annual premium, so that the contract of insurance was in force at the time of the death. See also *Pritchard* v. *Merchant's & Tradesman's Assurance Society*, 3 C. B. (N. S.) 622. Whatever may be the law as applicable to the payments of annual premiums under a policy which has once attached, we are of opinion that the contract cannot be originally created without the consent of the assured.

Under the law of marine insurance, as laid down in the cases cited by the plaintiff,* it is said that when a vessel is insured by a part-owner for the benefit of the other part-owners, without their previous authority, the latter may ratify the act, after knowledge of the loss. But that is because in those cases a valid contract of insurance is at once created by the part-owner by payment of the premium, or by a promise to pay upon which the policy is issued.

The judge at the trial refused to rule, as requested by the defendant, that the payment of the premium by the sister, Miss Whiting, would not be a payment by Fairfield which would make the defendant liable on the policy; and for this refusal, the entry must be                    *Exceptions sustained.*

*G. Wells*, for the defendant.

*G. M. Stearns*, for the plaintiff.

---

* The plaintiff's counsel cited on this point *Hagedorn* v. *Oliverson*, 2 M. & S. 485; *Routh* v. *Thompson*, 13 East, 274; *Barlow* v. *Leckie*, 4 J. B. Moore, 8; *Finney* v. *Fairhaven Ins. Co.* 5 Met. 192.