EVERETT A. DUNHAM & another *vs.* CHARLES M. MORSE, JR.

Bristol.     October 25, 1892. — January 17, 1893.

Present: FIELD, C. J., KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Promissory Note — Consideration — Life Insurance — Contract — Principal and Agent — Action.*

A., in order to obtain insurance upon his life at once, instead of waiting for the action of the insurance company on his application, gave a promissory note for the amount of the premium payable to B., an agent of the company, who signed and delivered to A. a contract purporting to give such insurance, which was expressed to be subject to certain conditions printed on the back, one of which was that the contract was not valid unless the premium was " actually paid in cash," and another of which was that none but certain designated officers of the company had authority to alter the contract. B. charged himself with the amount of the premium, and gave the company credit for it, on his books; but he did not pay the company any cash on account of this insurance until long after the policy had been tendered to A. and the contract had been repudiated by him. B. had been accustomed to keep money received for the company in his private bank account, with the knowledge and consent of the company; but the company had no knowledge that A. had not paid his premium in cash, and did not waive the condition printed on the back of the contract. *Held*, in an action by B. against A. upon the note, that the note was without consideration.

CONTRACT, upon a promissory note for $184, dated November 22, 1888, payable in ten days after date to the plaintiffs, and signed by the defendant.   The answer set up want of consideration.   Trial in the Superior Court, without a jury, before *Bishop*, J., who ruled that the action could not be maintained, found for the defendant, and, at the request of the parties, reported the case for the determination of this court.   If the ruling was right, judgment was to be entered for the defendant; otherwise, judgment was to be entered for the plaintiffs.   The material facts appear in the opinion.

*J. F. Jackson*, for the plaintiffs.

*H. M. Knowlton*, (*T. F. Desmond* with him,) for the defendant.

KNOWLTON, J.   The only question in this case is whether the note declared on was given without consideration.   The testimony shows that the only purpose of the defendant in giving it was to obtain insurance upon his life at once, instead of waiting for the action of the insurance company on his application. If a contract of insurance binding on the company was given him, the note is good ; otherwise, it is not.

The contract, which was signed and delivered by the plaintiffs as agents for the company, purported to give such insurance, but it was expressed to be subject to certain conditions printed on the back, one of which was that the contract was not valid unless the premium was " actually paid in cash."   There was nothing to show that the agents had authority to alter the contract in this respect, and it was one of the conditions referred to that none but certain designated officers of the company had such authority.   See *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43.

If this premium was not paid in cash, the contract of insurance was not binding on the company, and the note was without consideration.   It is not contended that the defendant made any payment in cash.   He gave the agents the note in suit, payable ten days after date.   The plaintiffs did not pay the insurance company any cash on account of this insurance until long after the policy had been tendered to the defendant and the contract had been repudiated by him.   It is not contended by the plaintiffs that either of the parties was bound to anything by their negotiations, unless the contract delivered to the defendant was im-

mediately binding upon the company. All the plaintiffs did to make it binding was to charge themselves with the amount of premium, and to give the insurance company credit for it on their books. It is true that the plaintiffs had been accustomed to keep money received for the company in their private bank account, with the knowledge and consent of the company; but this was not equivalent to an agreement that a credit on the plaintiffs' books should constitute a payment in cash to the company when no money had been received. Such an entry on the books was not payment in cash by the agents, and giving a note was not payment in cash by the insured.

The insurance company had no knowledge that the defendant had not paid his premium in cash, and did not waive the condition printed on the back of the contract. They might be willing to allow their agent to bind them by a contract if he received the premium in cash, even though he was permitted to deposit it in his own bank account, when they would not be willing to be bound on his promise to pay them if he had no cash, but only a promissory note, as his reliance for the means of performing his promise. *Whiting* v. *Massachusetts Ins. Co.* 129 Mass. 240.

This case differs from *Chickering* v. *Globe Ins. Co.* 116 Mass. 321, *White* v. *Connecticut Ins. Co.* 120 Mass. 330, *Wheeler.* v. *Watertown Ins. Co.* 131 Mass. 1, 7, and *Bouton* v. *American Ins. Co.* 25 Conn. 542. In each of these last mentioned cases a payment in cash was not called for, but anything that could fairly be called payment, and which was accepted as such, would answer the requirements of the policy.

We are of opinion that the note was without consideration.

*Judgment on the finding.*