RENA M. JONES, administratrix, *vs.* NEW YORK LIFE INSURANCE COMPANY.

Worcester.    September 30, 1896. — May 18, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Life Insurance — Evidence — Delivery of Policy — Application — Waiver — Payment of Premium.*

In an action upon a policy of insurance on the life of the plaintiff's husband, the question, put by the defendant's counsel to the plaintiff, whom he had called as a witness, whether she made objection to her husband to his taking the policy, is properly excluded.

If the agent of an insurance company testifies for the defendant, in an action upon a policy issued by the company on the life of A., that the policy was never delivered, the plaintiff may introduce the testimony of witnesses to conversations with the agent in which the latter said that he "had insured" A., that A. "had taken out insurance," and that he "had written a policy" for A.

The production of a policy of life insurance by the administrator of the assured's estate, with testimony that it was found with other papers of the intestate in his desk immediately after his decease, is evidence, in an action upon the policy, that it had been delivered as a valid contract of existing insurance.

A few days after a policy of life insurance, for which an application had been regularly made and signed, was issued, another policy was issued by the same company to the same person, upon which the following words were stamped: " This policy is issued and accepted for two thousand dollars additional insurance, based upon the terms of the application on which " the first policy " was issued, and said application is hereby made a part of this contract." *Held*, in an action on the second policy, that the provision quoted was a part of the contract to be considered with the rest of the policy, and if the defendant delivered the policy in this form as a completed contract, waiving the signing of another application, and received the premium, the contract was binding.

In an action upon a policy of life insurance, the defendant is not entitled to a ruling that " on the evidence the policy in suit would not be a valid policy of existing insurance, unless accepted by the signature of the insured to the application and the forwarding of a check for the premium or the payment of the premium

otherwise," if there is evidence which will warrant a finding that the defendant's agent waived an immediate payment of the premium in cash and delivered the policy on the promise of the assured to pay in the future.

CONTRACT, upon a policy of insurance for $2,000, issued by the defendant on the life of William A. Jones, the plaintiff's intestate. At the trial in the Superior Court, before *Gaskill*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

The case was argued at the bar in September, 1896, and afterwards was submitted on briefs to all the justices.

*W. S. B. Hopkins & T. H. Gage, Jr.*, for the defendant.

*H. Parker*, (*C. C. Milton* with him,) for the plaintiff.

KNOWLTON, J.   1. The presiding justice could properly exclude the question put by the defendant's counsel to the plaintiff, whom he had called as a witness, whether, as a matter of fact, she made objection to her husband to his taking the policy declared on. Proof that she objected in a preliminary conversation would have no tendency to prove that he did or did not afterward take the policy. Besides, the question called for a communication made by a wife to her husband, and it was not so framed as to exclude private conversations.

2. The testimony of the witnesses Davis, Curtis, and Dr. Sawyer to conversations with the defendant's witness, Dows, was competent as tending to contradict him.* He had testified in substance that the policy was never delivered, either for cash or on credit.

3. The court properly refused to give the instruction, " There is no evidence in the case competent to prove the delivery of the policy in suit as a valid policy of existing insurance." The production of the policy by the plaintiff, with testimony that it was found with other papers of the intestate in his desk immediately after his decease, was evidence that it had been delivered as a valid contract of existing insurance. *Chandler* v. *Temple*, 4

---

* Davis testified that Dows, who was the defendant's agent, said that he "had insured" Jones for $3,000; Sawyer testified that Dows said that Jones "had taken out the $2,000 additional insurance"; and Curtis testified that Dows said that he "had written two policies" for Jones. It appeared in evidence that, prior to the issuing of the policy in suit, the defendant had issued a policy for $1,000 to Jones.

Cush. 285. *Valentine* v. *Wheeler*, 116 Mass. 478. *Perley* v. *Perley*, 144 Mass. 104, 107. Such a document is not ordinarily found in the custody of the assured unless it belongs to him as a contract that may be enforced according to its terms. Possession by the assured is evidence that everything has been done that need be done to give it validity. The effect of the testimony of the witness Dows, in connection with the other circumstances of the case, was for the jury.

4. The only other exception is to the refusal of the court to rule that, " on the evidence the policy in suit would not be a valid policy of existing insurance, unless accepted by the signature of the insured to the application and·the forwarding of a check for the premium or the payment of the premium otherwise." The bill of exceptions states that " appropriate instructions, to which no exception was taken, were given to the jury on all issues in the case, the defendant claiming only that the requests should also have been given." The proposition involved in the request is in substance that it would be impossible for the company to deliver its policy in such a way as to give it validity, unless the application was signed by the assured, and payment of the premium was made by check or otherwise. Unless the proposition is correct in both of its branches, the instruction was rightly refused.

The only reference in the policy to the application and to the payment of the premium is in a recital of the consideration for the defendant's undertaking. There is no provision in the policy that the binding force of the defendant's promise shall depend upon the accuracy of the statement of the consideration. If a deed poll is founded on a valuable consideration, it is immaterial whether the consideration is correctly stated in it or not. Signing the application and making payment in cash or by check are not made conditions precedent to the taking effect of the policy. The policy in suit is dated May 19, 1894, and the defendant had just issued to the assured another policy for $1,000, dated May 8, 1894, for which an application had been regularly made and signed. Stamped upon the policy in suit are these words: " This policy is issued and accepted for two thousand dollars additional insurance, based upon the terms of the application on which Policy No. 609,091 was issued, and said appli-

cation is hereby made a part of this contract." No. 609,091 was that of the policy dated May 8. This provision is a part of the contract to be considered with the rest of the policy, and if the defendant delivered the policy in this form, as a completed contract, waiving the signing of the other application, and received the premium, as the jury might find that it did, the contract is binding. The cases show that the making of an application referred to in a policy may even be waived orally. *Commonwealth* v. *Hide & Leather Ins. Co.* 112 Mass. 136. *Ames* v. *New York Union Ins. Co.* 4 Kernan, 253.

We are of opinion that the other part of the proposition was equally erroneous. We understand that the instruction was intended to call for a payment in cash or its equivalent, as distinguished from a delivery on credit. But it has often been held that a company may waive a provision of this kind, and that, if a note or a promise is accepted in payment, the policy is in force. *Markey* v. *Mutual Benefit Ins. Co.* 103 Mass. 78. *White* v. *Connecticut Ins. Co.* 120 Mass. 330. *Wheeler* v. *Watertown Ins. Co.* 131 Mass. 1, 7. *Miller* v. *Life Ins. Co.* 12 Wall. 285, 302, 303. *Washoe Tool Manuf. Co.* v. *Hibernia Ins. Co.* 7 Hun, 74; *S. C.* 66 N. Y. 613.

The case is not like *Dunham* v. *Morse,* 158 Mass. 132, 134, in which payment in cash was made a condition precedent to the policy's taking effect.

There was evidence from which the jury might have found that the agent, Dows, waived an immediate payment of the premium in cash, and delivered the policy on the promise of the assured to pay in the future. A majority of the court are of opinion that this instruction was rightly refused.

*Exceptions overruled.*