(158 App. Div. 620.)

HANNAHS v. HAMMOND TYPEWRITER CO.

(Supreme Court, Appellate Division, First Department.   November 7, 1913.)

1. CORPORATIONS (§ 133*)—STOCK—TRANSFER—ACTIONS—ADMISSION OF EVIDENCE.
    In an action to compel defendant corporation to transfer to plaintiff on its books stock represented by a certificate which was issued to H. and assigned to G., who assigned it, indorsed in blank, with a power of attorney to make the necessary transfer, evidence by H. that he did not transfer the certificate to G. or any one else was admissible.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 513–520; Dec. Dig. § 133.*]

2. CORPORATIONS (§ 126*)—STOCK.
    It is presumed, subject to rebuttal, that a stock certificate came into defendant's possession in due course of business and that he was its owner, where it bore an assignment by the person to whom it was originally issued and a subsequent assignment with power of attorney indorsed thereon in blank to make the necessary transfer on the company's books.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 474, 475; Dec. Dig. § 126.*]

3. CORPORATIONS (§ 147*)—STOCK—BONA FIDE PURCHASER.
    Even a purchaser for value would not obtain good title to a stolen stock certificate.
    [Ed. Note.—For other cases, see Corporations, Cent. Dig. § 462; Dec. Dig. § 147.*]

Appeal from Special Term, New York County.

Action by George C. Hannahs, as administrator with the will annexed of the goods, etc., of John Jay Hannahs, deceased, against the Hammond Typewriter Company.   From a judgment requiring defendant to transfer certain shares of stock to plaintiff's name and granting other relief, defendant appeals.   Reversed, and new trial granted. ·

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Charles E. Kelley, of New York City, for appellant.

Dana T. Ackerly, of New York City (Edward A. Craighill, Jr., of New York City, on the brief), for respondent.

LAUGHLIN, J.   On the 8th day of October, 1884, the defendant duly issued and delivered to James B. Hammond certificate No. 160 for three shares of its capital stock.   The certificate, with an assignment thereof by James B. Hammond to E. E. Garvin & Co. indorsed thereon, under date of October 14, 1884, and with another assignment thereof and power of attorney to make the necessary transfer on the books of the company and to surrender the certificate by E. E. Garvin & Co. in blank indorsed thereon, under date of June 10, 1889, was delivered to the *present* plaintiff's predecessor, as administrator with the will annexed of John J. Hannahs, deceased, who originally brought the action, by the Mohawk Valley Bank on payment of a loan to the

decedent, for which it was held as security. The certificate stood on the books of the defendant in the name of Hammond and had never been transferred on its books to either of the assignees. The plaintiff's said predecessor on two different occasions caused the certificate to be presented to the defendant with a request that the stock be transferred to his name, as administrator, and that it issue to him, as such administrator, a new certificate therefor. Each request was refused. Thereafter he brought this action, alleging that the certificate was duly issued to Hammond, and by him duly sold, assigned, transferred, and delivered to E. E. Garvin & Co., and by that firm duly assigned, transferred, and delivered to the decedent. The defendant admitted that the certificate was duly issued to Hammond but put in issue the allegations concerning the assignments and delivery thereof.

The original plaintiff proved that the signatures of Hammond and of E. E. Garvin & Co., and of the witnesses thereto, on the assignments were genuine and that, after he received the certificate from the Mohawk Bank, the president of the Mercantile Safe Deposit Company, which company held it as security for a loan, filled in the name of the decedent in the blank assignment and power of attorney but offered no proof of delivery by Hammond to E. E. Garvin & Co. or by E. E. Garvin & Co. to the decedent.

[1] The defendant alleged as a separate defense that Hammond claimed to be the owner of the stock and had served upon it written notice to that effect and forbidding it to accept a surrender of the certificate and to issue a new certificate therefor; and on the trial it called Hammond as a witness and attempted to show the transaction between him and E. E. Garvin & Co., and that he neither sold nor transferred the certificate to that firm or to any one else. This evidence was excluded under an objection that the evidence offered was incompetent, irrelevant, and immaterial. I am of opinion that the court erred in excluding this evidence.

[2, 3] On the evidence adduced by the plaintiff, the law presumes that the certificate was assigned and delivered by Hammond and by E. E. Garvin & Co. and came into the possession of the decedent in due course of business, and that he was the owner thereof notwithstanding the fact that the assignment was in blank (Holbrook v. N. J. Zinc Co., 57 N. Y. 616; Story v. Bishop, 4 E. D. Smith, 423; Williamson v. Continental Filter Co., 34 App. Div. 630, 53 N. Y. Supp. 1118; Ward v. Lewis, 4 Pick. [Mass.] 518; Jones v. N. Y. Life Ins. Co., 168 Mass. 245, 47 N. E. 92; Abbott's Trial Evidence [2d Ed.] p. 7; McNeil v. Tenth Natl. Bk., 46 N. Y. 325, 7 Am. Rep. 341; Esmond v. Apgar, 76 N. Y. 359; and Leavitt v. Fisher, 11 N. Y. Super. Ct. 1); but this is not a *conclusive* presumption, and it was open to the defendant, under the denials contained in its answer, to overcome the presumption by evidence showing that the certificate was not delivered, or not delivered with intent to pass title, for, if the certificate was stolen, the decedent, even though a purchaser for value, would not obtain good title (Knox v. Eden Musee, 148 N. Y. 441, 42 N. E. 988, 31 L. R. A. 779, 51 Am. St. Rep. 700; McNeil v. Tenth Natl. Bank, supra), and if it was delivered as security, and the pledgee transferred it without authority,

the decedent did not obtain good title, unless he purchased it for value without notice.

It follows, therefore, that the judgment should be reversed, and a new trial granted, with costs to appellant to abide the event.   All concur.

(82 Misc. Rep. 433.)

PROVIDENCE WASHINGTON INS. CO. OF PROVIDENCE, R. I., v. YOUMANS.

(Supreme Court, Appellate Term, First Department.   November 13, 1913.)

1. INSURANCE (§ 606*)—SUBROGATION.

Under a tourist fire insurance policy providing that, if the insured acquired a right of action for damage to the property covered, he should assign or transfer it to the insurer upon payment of loss, the insurer, who did not show that payment to insured by a hotel was for loss by fire, was not entitled to subrogation.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1504–1511, 1514–1516; Dec. Dig. § 606.*]

2. NEW TRIAL (§ 76*)—JUDGMENT—EXCESSIVE DAMAGES—SUBROGATION.

Where insured, defending an action by the insurer for subrogation to an amount received by him from a hotel for loss by fire, offered to pay over $150, the difference between the total amount received and the amount of his total claim, and also offered evidence to show a loss larger than the total claim, he was entitled to a new trial upon judgment for $280, unless the excess over $150 was remitted.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 153–156; Dec. Dig. § 76.*]

Appeal from Municipal Court, Borough of Manhattan, First District.