BOSTON FORWARDING AND TRANSFER COMPANY *vs.* CONTRACTORS
MUTUAL LIABILITY INSURANCE COMPANY.

Suffolk. January 2, 1917. — March 13, 1917.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CARROLL, JJ.

*Insurance,* Liability.

Where one provision of a policy of insurance insuring an expressman against loss by
reason of liability for damages on account of bodily injury or death of any person
caused by the negligence of the insured and resulting from the operation of his
teams is that "The payment of the full amount due under this policy shall be a
condition precedent to any proceedings . . . brought against the" insurer,
and it does not appear that the insurer has waived this provision, the insured
cannot maintain an action against the insurer for a loss described and covered
by the policy if he admits that he owes the insurer a certain amount under the
provisions of the policy, although he does not know the amount claimed by the
insurer, and that he never had tendered to the insurer any of the amount owed.

CONTRACT upon a policy of insurance against loss by reason of
liability for damages on account of bodily injury or death of any
person or persons caused by the negligence of the plaintiff and
resulting from the operation of its teams. Writ dated April 8,
1914.

The defendant filed a declaration in set-off for $295.81, alleged
to be an excess premium due under the provisions of the policy.

In the Superior Court the case was referred to an auditor and
afterwards was tried before *Hitchcock,* J. The plaintiff's presi-
dent admitted that at the time this action was begun the plain-
tiff was indebted to the defendant in the sum of $103.03, but
testified that it did not know the amount that the defendant
claimed. Other material facts and exceptions of the defendant
are described in the opinion. There was a verdict for the plain-
tiff in the sum of $215.29, and for the defendant upon its dec-
laration in set-off in the sum of $236.65. The defendant alleged
exceptions.

The case was submitted on briefs.

*R. J. Cotter,* for the defendant.

*C. R. Ross,* for the plaintiff.

CARROLL, J. The policy of insurance issued by the defendant

insured the plaintiff against loss from damages on account of bodily injury caused by the plaintiff's negligence and "resulting from the operation of its teams." The plaintiff alleged that it had satisfied an execution, issued on a judgment recovered against it for personal injuries, within the terms of the policy. The policy provided, that the assured shall give immediate notice to the company on the happening of any accident, and like notice if any claim is made on account of an accident. It also contained this stipulation: "The payment of the full amount due under this policy shall be a condition precedent to any proceedings in law or equity brought against the company." The auditor found that none of the conditions of the policy precedent to the plaintiff's right of recovery had been waived.

The defendant asked the trial judge to rule, "The plaintiff's failure to comply with the provision in the policy requiring full payment of amount due under this policy to be a condition precedent to any proceeding in law, precludes it from recovering." This request was refused. The verdict was for the plaintiff. It was admitted by the president and general manager of the plaintiff that no offer or tender of any amount due under the policy had been made before this action was brought; it was shown that the plaintiff was indebted to the defendant in a certain sum, but the plaintiff contended it did not know the amount claimed by the defendant.

Under the terms of the contract, the plaintiff's right to recover was conditioned on the payment of the premium, and the risk did not attach until this was done. It was plainly stated that the payment of the full amount due under the policy was a condition precedent to the right of action, and the burden was upon the plaintiff to show that there was a contract binding on the defendant. No obligation was assumed by the defendant until the payment was made. It was admitted that this condition was not complied with and the evidence disclosed nothing to control the finding of the auditor that this stipulation of the policy was not waived. The request of the defendant, therefore, should have been given. *Dunham* v. *Morse*, 158 Mass. 132. *Whiting* v. *Massachusetts Mutual Life Ins. Co.* 129 Mass. 240. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299, and cases cited.

The record shows that there was a verdict for the defendant on

its declaration in set-off. Assuming this to mean that the defendant recovered what was due under the policy, the bearing, if any, of this fact on the question we are considering, is not before us and we do not pass on it.

As the plaintiff cannot recover because of its failure to fulfil the terms of the policy, it is unnecessary to consider the other questions raised by the defendant.

The exceptions must be sustained, and judgment should be entered for the defendant, St. 1913, c. 716; and it is

*So ordered.*