ESTHER ANSIN *vs.* MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK.

ESTHER ANSIN, guardian, *vs.* SAME.

SAME *vs.* SAME.

Suffolk.    December 7, 1921. — March 8, 1922.

Present: RUGG, C. J., DE COURCY, CROSBY, & CARROLL, JJ.

*Insurance,* Life.    *Contract,* What constitutes.    *Evidence,* Relevancy, Competency.    *Agency,* Scope of authority.    *Bills and Notes.    Payment.*

An application for a policy of life insurance contained provisions that the "proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, and unless also the policy shall have been delivered to and received by me during my continuance in good health . . . ;" and that no agent or other person except certain designated officers of the insurance company had power "to make, modify or discharge this or any contract of insurance, to extend the time for paying a premium, to waive any lapse or forfeiture or any of the company's rights or requirements."    An agent of the company procured the applicant's signature to the application on February 5 and the policy was delivered to the applicant on February 12 without the premium being then paid.    On February 13, the insured went on a journey, after a conversation with his brother, in consequence of which the brother signed a check payable to the company for the amount of the premium on February 16, which was delivered to the company on February 19 and was collected by it on February 21.    The applicant continued in good health until February 16, was taken seriously ill on February 17 or 18 and died on February 20.    The amount of the premium was not returned by the company until April 22.    At the trial of an action upon the policy, there was no evidence that the agent had authority to deliver the policy before the premium was paid.    *Held,* that

(1) The burden rested upon the plaintiff to prove, as a condition precedent to recovery, that the policy was delivered and that the first premium was paid while the applicant was in good health;

(2) Evidence was not admissible which tended to show that, in response to a statement by the applicant that it would not be convenient for him to pay the premium until February 16, the soliciting agent had told him that he would pay the premium and would keep the policy in force, and that the policy would be in force from the time of its delivery, it appearing that the agent did not personally pay the premium nor in any way keep the policy in force;

(3) Because of lack of authority in the agent to waive the requirements of the application as to payment of premium, evidence was not admissible which tended to show that on February 16 the soliciting agent called the applicant's brother on the telephone and, being informed that the brother had for the com-

pany a check for the premium, told the brother to hold it until he called for it, which the brother agreed to do;

(4) The mere receipt of a check does not operate as a payment unless it is accepted as such;

(5) The company was not estopped, by reason of a recital in the policy of receipt of the premium, to deny its receipt;

(6) The fact that the premium was not returned by the company until April 22 was not evidence of ratification of the contract of insurance by the company;

(7) The uncontradicted evidence showed that payment of the premium was neither made nor tendered while the applicant was in good health;

(8) Judgment should be entered for the company.

THREE ACTIONS OF CONTRACT upon policies of insurance alleged to have been issued by the defendant. Writs, in the first action dated July 15, 1918, and in the second and third actions dated December 16, 1919.

In the Superior Court, the actions were tried together before *White*, J. Material evidence and exceptions saved by the plaintiff are described in the opinion. At the close of the evidence, verdicts were ordered for the defendant, and the judge reported the actions to this court "for its determination upon all of the exceptions taken during the trial to the admission or exclusion of evidence and so as to cover the claim of the plaintiffs that by the recital in the policies of the receipt of the premium the defendant is estopped from denying that it was so received, and the claim of the plaintiff that what took place on February 16, 1918, in regard to the premium, together with the talk between the insured and the insurance agent, amounted to payment, and that the check was in the hands of the defendant company by virtue of being subject to call by the insurance agent. If, upon the evidence which has been properly admitted, the foregoing facts agreed upon and such other evidence as has been offered and not admitted which should have been admitted, verdicts should not have been ordered for the defendant, judgment is to be entered for the plaintiff in the case in which Esther Ansin is plaintiff, in the sum of $5,000, together with interest thereon at six per cent from March 1, 1918; and judgment for the plaintiff in the action in which Esther Ansin, guardian of Charlotte Ansin, is plaintiff, in the sum of $2,500, together with interest thereon at six per cent from March 1, 1918; and judgment for the plaintiff in the action in which Esther Ansin, guardian of Mildred Ansin, is plaintiff, in the sum of $2,500, together with interest thereon

at six per cent from March 1, 1918.   If verdicts should have been directed for the defendant, upon such evidence, judgment is to be entered for the defendant in each action."

F. C. Allen, (R. E. Smith with him,) for the plaintiffs.

G. Hoague, for the defendant.

CROSBY, J.   These three actions of contract by the beneficiaries named in three policies of insurance were tried together.   The policies and application are alike in each case with the exception of the names of the beneficiaries and the amounts involved.

There was evidence that on or about February 5, 1918, Michael Ansin signed an application for the issuance to him of the policies in question; that the application contained the following provision: "The proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, and unless also the policy shall have been delivered to and received by me during my continuance in good health . . ."; that the application was obtained by Samuel Aisner, an agent of the defendant, and the policies were delivered to Michael Ansin on or about February 12, 1918, at the office of his brother, David; that Michael went to New York on February 13, 1918, where he was taken seriously ill on February 17 or 18 and died on February 20, 1918.   The defendant contends that the premiums were not paid while the insured was in good health, and that therefore the policies never had any validity.

The plaintiff offered to show that, at the time the policies were delivered, Michael Ansin stated to the defendant's agent, Aisner, that it was not convenient for him to pay the premiums until Saturday (February 16, 1918); that Aisner replied that he would pay the premiums and keep the policies in force, and that Ansin could pay him on Saturday; and that the agent told Ansin that the policies would be in force from the time of their delivery.   This evidence was excluded subject to the plaintiff's exception.

David Ansin testified that, before his brother left for New York, he had a talk with him and in consequence of directions given him by his brother he signed a check dated February 16, 1918, payable to the defendant.   The plaintiff offered to show that on Saturday, February 16, Aisner called David Ansin on the telephone and asked him if his brother had left a check for the premiums and was told that he had; that Aisner asked him to hold the check until

he called for it, and that David Ansin agreed to do so. This evidence was excluded subject to the plaintiff's exception.

On the following Tuesday, February 19, Aisner received the check and delivered it to the defendant's general manager; it was collected by the defendant two days later.

It is agreed that the insured continued in good health through Saturday, February 16, 1918. The defendant claimed and the plaintiff admitted that the check was not manually in the hands of the defendant company earlier than Tuesday, February 19, 1918, about noon, and at that time Michael Ansin was not in good health. It is also agreed that the only actual money or anything that represented money which passed between Michael Ansin and the company was the check.

The burden rested upon the plaintiff to prove that the policies were delivered and the first premium paid while Michael Ansin was in good health; it was made a part of the application and embodied in the policies; it is a condition precedent to recovery. *Lee* v. *Prudential Life Ins. Co.* 203 Mass. 299. The contention of the plaintiff that the jury could have found that the check for the premiums was held by David Ansin at the request and under the direction of the defendant's agent, and that as a result of the conversation between them, the check was held by David Ansin at the request of the agent of the defendant and constituted a payment of the premiums, cannot be sustained. The conversation was properly excluded. The application expressly provides that no agent or other person except certain officers named has power "to make, modify or discharge this or any contract of insurance, to extend the time for paying a premium, to waive any lapse or forfeiture or any of the Company's rights or requirements." *Whiting* v. *Massachusetts Mutual Life Ins. Co.* 129 Mass. 240. *Batchelder* v. *Queen Ins. Co.* 135 Mass. 449. *Kyte* v. *Commercial Union Assurance Co.* 144 Mass. 43. *Dunham* v. *Morse,* 158 Mass. 132. *Allen* v. *Massachusetts Mutual Accident Association,* 167 Mass. 18. *Sanford* v. *Orient Ins. Co.* 174 Mass. 416. *Cauman* v. *American Credit Indemnity Co.* 229 Mass. 278. *Hawley* v. *Michigan Mutual Life Ins. Co.* 92 Iowa, 593. *Hewitt* v. *American Union Life Ins. Co.* 66 App. Div. (N. Y.) 80.

The agent Aisner did not personally pay the premiums nor had he in any other way kept "the policies in force."

The direction of the agent to David Ansin on February 16 to keep the check until he called for it was not a payment of the premiums in accordance with the terms of the policies and was not admissible to prove such payments which could not be waived by the agent. *Bradley* v. *New York Life Ins. Co.* 275 Fed. Rep. 657. *Reese* v. *Fidelity Mutual Life Association*, 111 Ga. 482. *Amos* v. *United States Casualty Co.* 131 Md. 471. *Slocum* v. *New York Life Ins. Co.* 228 U. S. 364, 375.

Before the illness of the deceased, neither the agent nor the company had acquired possession or control of the check; up to that time it remained in the possession of the deceased or his brother, and either of them could have refused to pay the premiums and the defendant would have had no right to collect them. The mere receipt of a check does not operate as a payment unless it is accepted as such. *Taylor* v. *Wilson,* 11 Met. 44. *Illustrated Card & Novelty Co.* v. *Dolan,* 208 Mass. 53, 54. *Keystone Grape Co.* v. *Hustis,* 232 Mass. 162, 165. *Bergman* v. *Granstein,* 235 Mass. 378. *Feinberg* v. *Levine,* 237 Mass. 185.

The contention of the plaintiff that, by reason of the recital in the policies of the receipt of the premiums, the defendant is estopped to deny that they were so received is not tenable upon the facts disclosed; besides there was no evidence that the agent had authority to deliver the policies until the first premiums were paid. The plaintiff admits that nothing was paid to the defendant until after Michael Ansin was stricken with a fatal illness. It is not claimed that the premiums were paid either at the time of the delivery of the policies or at any other time, apart from the delivery of the check by David Ansin to the defendant's agent on February 19, when the insured was not in good health. A conclusive presumption that the premiums were paid by reason of the recital would be repugnant to the express admission of the plaintiff that no payment was made other than by the delivery of the check to the agent. The recital of payment of the premium is merely evidentiary and the fact may be shown. *Way* v. *Greer,* 196 Mass. 237 and cases collected at page 245. *Gilson* v. *Nesson,* 208 Mass. 368, 370. *Lait* v. *Sears,* 226 Mass. 119, 125. *Union Ins. Co.* v. *Grant,* 68 Maine, 229, 230, 231. *Sheldon* v. *Atlantic Fire & Marine Ins. Co.* 26 N. Y. 460. *Equitable Fire & Accident Office, Ltd.* v. *Ching Wo Hong,* [1907] A. C. 96, 100.

The plaintiff argues that, as the proceeds of the check was not returned by the defendant until April 22, 1918, it was a question of fact for the jury to determine whether the defendant ratified the contracts of insurance. This issue is not raised by the report and does not seem to be open to the plaintiff at this time. If it were, the evidence would not warrant a finding of ratification. The evidence offered, and excluded by the court, subject to the plaintiff's exception, was not admissible. The uncontradicted testimony shows that payment of the premiums was neither made nor tendered while the applicant was in good health. It follows that the policies by their terms never became valid contracts.

In accordance with the report, judgment is to be entered for the defendant in each case.

*So ordered.*