Rowe, J.
This is an action to recover the amount of a check drawn by the defendant to the plaintiff’s order, the payment of the check having been stopped, although the plaintiff had endeavored to get it cashed after delivery to him. The trial judge found for the plaintiff.
There was evidence tending to show that the plaintiff was the holder of two notes, secured by mortgages upon a farm owned by the parents of the defendant; that there was due on interest charges the amount for which the defendant drew her check “and that the defendant issued the cheek in payment of the same on April 21,1937; that the debt of the parents was the consideration for the issue of the check and that there was no agreement of forbearance to foreclose said mortgages. There was testimony tending to show that the proceeds of the milk business went into the checking account of the defendant, out of which account the defendant drew checks in payment of the bills of the farm.”
*112 The defendant contends that the court erred in denying her three following requests for rulings:
“3. That there was no legal consideration for the giving of said check by the defendant to the plaintiff.
“4. That the plaintiff’s failure to forbear from proceeding to foreclose the mortgages held by him gave the defendant the legal right to stop payment upon said check.
“5. That the plaintiff’s election in foreclosing said mortgages because of his failure to receive the amount due upon said check relieved the defendant from legal liability thereon.”
The defendant, in support of her contention as to the above rulings, first urges that there was no consideration for the check as the court found there was no agreement of forbearance to foreclose the mortgages. But the case turns upon whether there was a payment of the interest rather than whether there was an agreement to forbear to foreclose.
If it appears that this check of the daughter was given for payment of the debt of the parents and that it was accepted by the creditor as payment, such proceedings would discharge the interest so paid and enure to the benefit of the parents in any claim made against them by the plaintiff. 48 C. J. 720 §249 (2).
The defendant stopped payment of the check, but such action would not cancel her obligation to the plaintiff, on the check, merely by virtue of stopping its payment. Usher v. A. S. Tucker Co., 217 Mass. 441, 442.
If the check was both given and received in payment of the interest, the interest would be paid thereby. Although it is true that the mere sending of a check is not payment, if the check is also received as in payment of an obligation, it has the effect of payment. Taylor v. Wilson, 11 Metc. 44. Illustrated Card & Novelty Co. v. Dolan, 208 Mass. 53, *113 54. Sergman v. Granstein, 235 Mass. 378, 380. Feinberg v. Levine, 237 Mass. 185, 187. Ansin v. Mutual Life Ins. Co., 241 Mass. 107, 111. As there was evidence in the case at bar from the manner in which the plaintiff treated the check, from which it could be found that the check was accepted as payment, it could be found that it did constitute such payment. Economist Corp. v. Moors, 255 Mass. 591, 598.
There was evidence that this check, which the plaintiff had endeavored to realize on, was from proceeds of labor upon the farm business conducted on the mortgaged property, and that the consideration for the issuance of the check was the mortgage indebtedness of the defendant’s, parents. The check could have been properly found to be of a contractual nature in payment of the interest, rather than an instrument without any binding force as contended by the defendant.
The defendant further argues that the plaintiff made an election to treat the check as void by foreclosing his mortgages after his failure to realize upon the check. But it could not have been ruled as matter of law that this foreclosure subsequent to the stopping payment of the check amounted to such an election. As the check came from the proceeds of the milk business in the checking account from which the defendant drew checks in payment of the farm bills, the payment could have been found to have been proper, and a method whereby the defendant’s parents by bringing themselves within the doctrine of Tuckerman v. Sleeper, 9 Cush. 177, 180, would have been entitled to credit on the mortgage interest as represented by the check. The foreclosure of the mortgages, the principal of which was due as we gather from the wording of the report, would not cause a loss of this credit to the parents.
There was no error in the trial.

Report dismissed.